IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV01169 |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| | : | |
| | : | |
| DONNA SCROGGIN | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| WYETH, et. al. | : | DEFENDANTS |

**ORDER**

Pending are numerous Motions in Limine filed by Plaintiff (Doc. Nos. 209, 211, 213, 215, 217, 219, 221, 223, 225, 227, 229). Defendants have responded to each motion (Doc. Nos. 301, 302).

**1. Plaintiff's Motion in Limine No. 1 -- Bar References to "Lawyer-made" Lawsuits** -- is GRANTED in PART and DENIED in PART. Defendant may refer to information received by Plaintiff at a particular time but can not indicate that it came from a lawyer advertisement.

**2. Plaintiff's Motion in Limine No. 2 -- Bar Comment, Inference, Evidence, Testimony, or Document Attempting to Paint the Plaintiff's Attorneys in a Negative Light, Including:**

    A. **Part 2(a)** -- is unopposed and GRANTED.

    B. **Part 2(b)-(e)** -- see my ruling on Plaintiff's Motion in Limine No. 1.

    C. **Part 2(f)** -- is DENIED. It seems to me that Wyeth has reasonable grounds to ask specific questions along the lines covered by Plaintiff's motion and Wyeth's response.

1

However, Wyeth's specific questions should be limited, because this type of questioning can get out of hand.

**D.  Part 2(g)-(k)** -- are GRANTED as to both parties.

3.  **Plaintiff's Motion in Limine No. 3 -- Prevent Defendants from Referencing the Discovery Process or Expense Incurred by Wyeth in Litigating this Case --** is DENIED.  It appears to me that this should be subject to possible cross-examination and perhaps closing argument, depending on counsels' tactics in view of the art of cross-examination and summation.

4.  **Plaintiff's Motions in Limine Nos. 4 & 5 -- Exclude References to Risks of Other Drugs or Activities** -- are DENIED with the caveat that Wyeth should use sound discretion in making presentations in this area.

5.  **Plaintiff's Motion in Limine No. 6** -- **Exclude References to Clogging the System**  -- is unopposed and GRANTED as to both parties.

6.  **Plaintiff's Motion in Limine No. 7** -- **Exclude Referring to Punitives As "Bonus Monies" or "Windfalls**" -- Plaintiff's Motion is unopposed by Wyeth and is therefore GRANTED.  But Wyeth will be permitted to appropriately describe the nature of punitive damages, if the case goes to a second stage (punitive damages).  I believe that both the Eighth Circuit and Arkansas Model Jury Instructions on punitive damages say what needs to be said about this point.

**7.  Plaintiff's Motion in Limine No. 8** -- **Exclude References to "Deep Pockets"** -- is unopposed and GRANTED as to both parties.

**8.  Plaintiff's Motion in Limine No. 9** -- **Exclude References to Failure to Call Available Witness** -- is DENIED, but may be renewed before closing argument so that Wyeth can be required to put a fine point on it.  In some instances it is improper to refer to non-called witnesses; but on the other hand, in some instances it is entirely proper.  I assume that this issue would come up only in summation.

**9.  Plaintiff's Motion in Limine No. 10 -- Exclude References to Absent Witness** -- is DENIED, because the issue can be better addressed during trial.

**10.  Plaintiff's Motion in Limine No. 11 -- Exclude References to Persons Not Sued** -- is GRANTED, since Defendants are opposed only lightly.

**11.  Plaintiff's Motion in Limine No. 12 -- Exclude References to Newspaper Reports About Plaintiff** -- is MOOT since, to my knowledge, there are no newspaper reports about Plaintiff.

**12.  Plaintiff's Motion in Limine No. 13** -- **Exclude Evidence or Argument Referring to Any Attorney's or Witness's Personal or Family History of Menopause, Hormone Therapy, and Breast Cancer** -- is DENIED, because the issue can be better addressed during trial.

**13. Plaintiff's Motion in Limine No. 14 -- Exclude References to Breast Cancer Statistics** -- is DENIED, because the issue can be better addressed during trial.

**14. Plaintiff's Motion in Limine No. 15 -- Exclude References to Cardiac Benefit** -- is taken under consideration.[1]  Why should either side broach this subject?

**15. Plaintiff's Motion in Limine No. 16 -- Exclude References to Irrelevant Risk Factors of Breast Cancer** -- is DENIED again -- on the same basis as before.

**16. Plaintiff's Motion in Limine No. 17 -- Exclude References that Any Doctor was Negligent** -- is unopposed and, therefore, GRANTED.

**17. Plaintiff's Motion in Limine No. 18 -- Exclude References to the Number of Premarin/Prempro Users** -- is DENIED, because the issue can be better addressed during trial.

**18. Plaintiff's Motion in Limine No. 19 -- Exclude References to FDA Approval** -- is DENIED, but, if requested, I will give the same limiting instruction that I gave in *Reeves v. Wyeth*.

**19. Plaintiff's Motion in Limine No. 20 -- Exclude References to Taxation of Any Recovery -**- is unopposed and, therefore, GRANTED.

---

[1]The burden is on the parties to re-assert, at trial, any issues taken under consideration or under "advisement."

4

**20. Plaintiff's Motion in Limine No. 21 -- Exclude References to Email Correspondence** -- is unopposed and, therefore, GRANTED.

**21. Plaintiff's Motion in Limine No. 22 -- Bar References to Attorneys' and Witnesses' Personal or Family Experiences** -- is under "advisement." This question can be better decided at the trial.

**22. Plaintiff's Motion in Limine No. 23 -- Exclude References to HRT as the "most studied drug" or that "3,000 published articles" Prove Their Safety** -- My first question is how Defendants would establish that HRT drugs are "the most studied drug" in history. On the other hand, in view of Plaintiff's position in the case, it seems to me that it would be entirely proper for Defendants to show that the drugs have been "extensively" studied, perhaps even "very extensively studied." We shall see.

With respect to the "3,000 published articles," in view of Plaintiff's position at the former trial, it may well be that evidence of these published studies will be admissible. I am inclined, at this point, to think that this will be permitted, depending on Plaintiff's evidence. I assume this subject will not need to be broached in *voir dire*, but we may need to have a bench conference at the conclusion of Plaintiff's opening statement -- to determine whether Defendants can refer to these articles during their opening statements.

Incidentally, Defendants' statement that "the motion is nothing if not brazen" is a tad too rough. How about, "without merit" or, if the adrenaline is flowing fully at the time of the drafting, "wholly without merit." Such words as "brazen" beget like responses, thus the decline in civility. I once again emphasize to <u>both</u> sides that histrionics do not add up to persuasiveness with "this Court."

**23.   Plaintiff's Motion in Limine No. 24 -- Exclude Evidence and Argument Related to Adverse Drug Event Reports and Summaries Thereof --** is unopposed and GRANTED as to both parties.

**24.   Plaintiff's Motion in Limine No. 25 -- Exclude Comment or Arguing that Since 2002 HRT is Still Widely Used Without Evidence Confirming Sales to Support this Argument --** is DENIED, because the issue can be better addressed during trial.

**25.   Plaintiff's Motion in Limine No. 26 -- Exclude Case Specific Opinions from General Causation Witnesses --** is GRANTED, since it appears to me that the parties agree on this issue.

**26.   Plaintiff's Motion in Limine No. 27 -- Exclude References of Alleged Misconduct or Criminal Activity** -- is DENIED as MOOT since there is no indication that Plaintiff or her family members have any criminal history.  If something develops, the parties may again bring up this issue <u>out of the hearing of the jury</u>.

**27.   Plaintiff's Motion in Limine No. 28 -- Bar Reference to Family History of Unrelated Cancer** -- is DENIED assuming that Defendants can present expert testimony and evidence of family history; otherwise, Defendants will be precluded from addressing this issue.

**28. Plaintiff's Motion in Limine No. 29 -- Exclude Reference to Prescription Drugs Other than HRT --** is DENIED, unless a specific reason is shown that a certain drug should not be mentioned by name.  If this is shown, the parties should simply refer to them as prescription drugs -- for example, "you were taking three prescription drugs at the time weren't you?"

**29.  Plaintiff's Motion in Limine No. 30 -- Exclude References to Smoking** -- is DENIED.

**30. Plaintiff's Motion in Limine No. 31 -- Exclude References to Privileges Claimed by Plaintiffs and Plaintiffs' Attorneys --** is unopposed and GRANTED as to both parties.

**31.  Plaintiff's Motion in Limine No. 32 -- Bar Reference to Experts Used Solely for Consultation --** is taken under "advisement."

**32.  Plaintiff's Motion in Limine No. 33 -- Bar References to Plaintiffs' Objection or Reluctance to Submit to Pretrial Discovery --** is unopposed and GRANTED as to both parties.

**33.  Plaintiff's Motion in Limine No. 34 -- Exclude References to the Unconstitutionality and Impermissibility of Punitive of Exemplary Damages** -- see ruling on Plaintiff's Motion in Limine No. 7.

**34.  Plaintiff's Motion in Limine No. 35 -- Bar Making Prejudicial Comments Regarding Plaintiffs' Potential for Excessive Financial Gain from Lawsuit** -- see ruling on Plaintiff's Motion in Limine No. 7.

35.  **Plaintiff's Motion in Limine No. 36 -- Exclude References that Breast Cancer Causation Equals Initiation --** is DENIED.

36.  **Plaintiff's Motion in Limine No. 37 -- Exclude References to Use of Oral Contraceptives --** is MOOT.

37.  **Plaintiff's Motion in Limine No. 38 -- Exclude References to Plaintiff's Diagnosis of HPV** -- is MOOT.

38.  **Plaintiff's Motion in Limine No. 39 -- Exclude References to Plaintiffs' Family History of Breast Cancer** -- is DENIED.

39.  **Plaintiff's Motion in Limine No. 40 -- Exclude References to Impact of Judgment for Plaintiff on Community and/or Drug Research (Doc. No. 211) --** is unopposed, and therefore, GRANTED.

40.  **Plaintiff's Motion in Limine No. 41 -- Bar References to Other "Good Acts" and Products Not at Issue in These Cases (Doc. No. 213)** -- is GRANTED IN PART and DENIED IN PART.  Wyeth will be permitted to put on very brief evidence as to how long it has been in business, how many employees it has, and generally "what it does for a living." The issues that Wyeth described in points 4 and 5 seem to "open[] the door to Plaintiff's evidence which would put such conduct into context." Unless Wyeth wants to risk opening doors, I think it should be very conservative in

presenting an overview of Wyeth. And this approach will help insure that we confine the trial to the specific issues presented by the pleadings in this case.

**41.  Plaintiff's Motion in Limine No. 42 -- Exclude Argument that FDA Regulation Prohibited Defendants from Making Label Changes Without Prior Agency Approval (Doc. No. 215) --** is DENIED. Wyeth can concede that the FDA doesn't preclude it but point out that the FDA discourages changes without prior approval (as I understand it, this is the truth of the matter).

**42.  Plaintiff's Motion in Limine No. 43 -- Exclude Evidence, Testimony, or Argument Regarding the "Preamble" and Any Statement by the FDA Regarding Preemption (Doc. No. 217) --** is taken under "advisement."

**43.  Plaintiff's Motion in Limine No. 44 -- Exclude Evidence, Testimony, or Argument Concerning the Report of Class Action Expert Ronald Ross (Doc. No. 219)** -- is unopposed and GRANTED as to both parties.

**44.  Plaintiff's Motion in Limine No. 45 -- Preclude Defendants Wyeth's and Upjohn's Employees and Former Employee Witnesses from Offering Expert Opinion Testimony Which They are Unqualified to Offer, Which has Not Previously Been Disclosed, and Which Lacks Appropriate Support Under *Daubert* (Doc. No. 221) --** is taken under "advisement." The Court needs to be more fully advised in the premises before ruling.

**45.  Plaintiff's Motion in Limine No. 46 -- Preclude Defendants' Counsel and Their Experts from Speculating on Other Causes of Breast Cancer that Have No Reliable Scientific Support (Doc. No. 223)** -- is DENIED, sort of.  However, the parties should attempt to agree on a limiting instruction describing known risk factors and biological plausibility.  "Speculation" will not be permitted.

**46.  Plaintiff's Motion in Limine No. 47 -- Exclude Evidence of Benefits from a Collateral Source (Doc. No. 225)** -- is unopposed and, therefore, GRANTED.

**47.  Plaintiff's Motion in Limine No. 48 -- Prohibit Defendants from Advertising or Otherwise Engaging in Pretrial Publicity (Doc. No. 227)** -- is DENIED, at this point.  If a problem arises, I will address it.

**48.  Plaintiff's Motion in Limine No. 49 -- Preclude Defendants from Introducing Evidence or Testimony Based on New WHI Data or Further Analysis of Such Data (Doc. No. 229)** -- Since Defendants concede that they will not offer any expert witness to testify about re-analysis, such evidence is out.

With respect to the other points raised in Number 49, the motion is DENIED, because the issues can be better addressed during trial.

IT IS SO ORDERED this 24th day of October, 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE