**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507 WRW |
| | : | |
| **PREMPRO PRODUCTS LIABILITY** | : | *Scroggin v. Wyeth, et al.* |
| **LITIGATION** | : | **Case No. 4:04-cv-01169 WRW** |
| | : | |

## DEFENDANT WYETH'S PRETRIAL DISCLOSURE SHEET

Pursuant to the Court's Scheduling Order and Local Rule 26.2 Wyeth submits the following Pretrial Disclosure Sheet.

(1)     **The identity of the party submitting information.**

Wyeth.

(2)     **The names, address, and telephone numbers of all counsel for the party.**

STEPHEN L. URBANCZYK
F. LANE HEARD III
RYAN T. SCARBOROUGH
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000
*lheard@wc.com*

LYN P. PRUITT, BAR NO. 84121
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800
*lpruitt@mwsgw.com*

(3)     **A brief summary of claims and relief sought.**

Ms. Scroggin claims that her use of the prescription medications Premarin (with Provera) and Prempro caused her breast cancer, which was diagnosed in July 2000.  She seeks compensatory and punitive damages.  Ms. Scroggin is currently making the following claims

against Wyeth: (1) negligence, (2) strict liability: design defect, (3) strict liability: failure to

warn, and (4) gross negligence/malice.  Ms. Scroggin has withdrawn her claims for fraud, breach

of express and implied warranty, and violation of state consumer fraud laws.

    **(4)**    **Prospects for settlement.**

        None.

    **(5)**    **The basis for jurisdiction and objections to jurisdiction.**

        Wyeth has no objection to jurisdiction of this Court.

    **(6)**    **A list of pending motions.**

        Summary Judgment:

      1.    Wyeth's Motion for Partial Summary Judgment No. 2 Regarding Design Defect Claims  [Docket No. 83]

      2.    Wyeth's Motion for Summary Judgment No. 6 Regarding Proximate Causation [Docket No. 91]

      3.    Wyeth's Motion for Summary Judgment No. 7 Regarding Specific Causation [Docket No. 93]

        *Daubert*:

      1.    Wyeth's *Daubert* Motion No. 2 to Exclude Expert Testimony of Dr. Elizabeth Naftalis [Docket No. 113]

      2.    Wyeth's *Daubert* Motion No. 4 to Exclude Expert Testimony of Dr. Donald Austin [Docket No. 103]

      3.    Wyeth's *Daubert* Motion No. 6 to Exclude Expert Testimony of Dr. Robert Fincher [Docket No. 105]

      4.    Wyeth's *Daubert* Motion No. 7 to Exclude Expert Testimony of Dr. Matthew Hollon [Docket No. 109]

      5.    Wyeth's *Daubert* Motion No. 8 to Exclude Expert Testimony of Dr. Adriane Fugh-Berman [Docket No. 111]

      6.    Pharmacia & Upjohn's Motion to Exclude the Testimony of David N. Fuller [Docket No. 64]

7.      Pharmacia & Upjohn's Motion to Exclude the Testimony of Dr. Suzanne Parisian [Docket No. 66]

Motions *In Limine*:

1.      Wyeth's Omnibus Motion *in Limine* [Docket No. 231]

2.      Pharmacia & Upjohn's Motion to Exclude Evidence [Docket No. 241]

3.      Wyeth's Motion *in Limine* to Preclude Further Testing for Evidentiary Purposes [Docket No. 264]

Other Outstanding Motions:

1.      Wyeth's Motion to Strike Plaintiffs' Claims for Punitive Damages [Docket No. 97]

2.      Motion to Strike Punitive Damages Claims Against Defendants Pfizer, Inc., Pharmacia Corporation, Pharmacia & Upjohn Company LLC and Greenstone Ltd. [Docket No. 87]

3.      Wyeth's Motion for Protective Order Re Plaintiffs' Discovery Requests Re 2927 Documents [Docket No. 128]

4.      Wyeth's Motion to Compel Responses to Wyeth's Requests for Admissions [Docket No. 249]

5.      Wyeth's Motion to Strike Plaintiffs' Designations of "Thematic Clips" [Docket No. 317]

**(7)      A concise summary of the facts.**

Ms. Scroggin was first prescribed hormone therapy (also referred to here as "HT") in May 1989, when she was 47 years old, by her gynecologist, Dr. Irving Kuperman.  Dr. Kuperman first prescribed Ogen (an estrogen) with Provera (a progestin), but changed Ms. Scroggin's estrogen prescription to Premarin (with Provera) in 1993.  Dr. Kuperman prescribed HT to Ms. Scroggin for the relief of hot flashes and mood disturbances.

Dr. Kuperman discussed the risks and benefits of hormone therapy, including that there may be an increased risk of breast cancer, with Ms. Scroggin in 1989 when he first prescribed the combined medications to her.  During the time that he prescribed HT to Ms.

Scroggin, Dr. Kuperman continued to provide her with additional information regarding the breast cancer risk as he learned it from professional bulletins and journals.

For his information regarding hormone therapy, Dr. Kuperman relied primarily on the American College of Obstetrics and Gynecology ("ACOG"), scientific journals, and other physicians in his clinic. Another source of Dr. Kuperman's information about hormone therapy came from *The Medical Letter on Drugs and Therapeutics*, to which he has subscribed since 1960.

Ms. Scroggin took Premarin/Provera from 1993 to 1996. During those three years, she received a patient information sheet with each of her monthly prescriptions. The FDA required — and still requires — Wyeth to provide the patient information so that patients will be fully informed of the benefits and risks involved in the use of hormone therapy (and other estrogen-containing drug products).

The Premarin patient information explicitly advised of a possible causal connection between the medication and an increased risk of breast cancer. The information told patients like Ms. Scroggin that "[e]strogens have several important uses but also some risks" and that they "must decide, with [their] doctor, whether the risks of estrogens are acceptable in view of their benefits." Under the heading "Dangers of Estrogen," the information listed "Cancer of the breast."

In 1996, when Ms. Scroggin began taking Prempro because it combined the estrogen and progestin into one pill, which was more convenient for her to take, she continued to receive a patient information sheet each month with her prescription because it was included in the sealed packet containing a month's supply of pills. This information, too, explicitly warned

of a possible causal connection between the medication and an increased risk of breast cancer. Under the heading "Risks of Estrogen and/or Progestins," it listed "Cancer of the breast."

Ms. Scroggin does not dispute that she received these patient information sheets from Wyeth and admits that she probably read them.  Ms. Scroggin testified that the patient information would have had to have said that HT <u>causes</u> breast cancer for her not to take.  If she knew that hormone therapy carried a small or moderate increased risk of breast cancer, she would still have taken it.

Ms. Scroggin was diagnosed with bilateral breast cancer in July 2000 and underwent a double mastectomy, chemotherapy, and treatment with Tamoxifen.  Ms. Scroggin has been in remission for more than five years, indicating an excellent prognosis and an unlikely return of breast cancer.

Ms. Scroggin has a significant family history of breast cancer that includes a history of seven breast cancers in five women in one direct family lineage.  Her mother, maternal great aunt, and two maternal cousins have all had breast cancer.  One cousin had bilateral breast cancer, as did Ms. Scroggin.  Ms. Scroggin has never given birth to any children, is overweight, has had a prior breast biopsy, had dense breasts, and smoked a pack of cigarettes a day for over thirty years.

**(8)** **All proposed stipulations.**

Wyeth anticipates agreeing to the authenticity of some exhibits after it has had an opportunity to review the proposed "short" exhibit list.  Wyeth also anticipates stipulating to the fact that it could have afforded to pay for a study the size of the Women's Health Initiative ("WHI"), although the precise language of the stipulation has not been agreed upon in this case.

**(9)**     **The issues of fact expected to be contested.**

     1.    Whether or not Wyeth adequately warned Dr. Kuperman of the potential risk of breast cancer associated with the use of Premarin and/or Prempro.

     2.    Whether Dr. Kuperman relied upon Wyeth's warnings and/or whether he would still have prescribed Premarin and Prempro for Ms. Scroggin, knowing what he knows today about the risks and benefits of the medications.

     3.    Whether Ms. Scroggin was aware of the risk of breast cancer associated with hormone therapy while she was taking the drug and before she was diagnosed with breast cancer.

     4.    Whether or not there is a scientific basis to conclude that Premarin and/or Prempro caused Ms. Scroggin's breast cancer.

**(10)**     **The issues of law expected to be contested.**

The principal contested issues of law are included in Wyeth's Motions for Summary Judgment and motions *in limine*.

**(11)**     **A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Wyeth submitted a list of exhibits that it may introduce at trial on November 1, 2007, but has not made a final decision on which exhibits will be used at trial as its choice of exhibits will be influenced by the Court's decisions on its summary judgment, *Daubert*, and *in limine* motions as well as the proof offered by Ms. Scroggin. Wyeth reserves the right to supplement this list and the right to use any exhibits identified by Ms. Scroggin. Wyeth further reserves the right to offer enlargements of any exhibits on this list or on Plaintiff's exhibit list.

Because the trial will be bifurcated, Wyeth has not listed exhibits it may use in the second phase, if any, of this trial and reserves the right to do so prior to the commencement of the second phase, if any.

The parties will exchange demonstrative exhibits the week of November 26,

2007.

**(12)    The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call.  Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

1.      Ginger Constantine, M.D. – c/o Wyeth's counsel

2.      Michael Dey, Ph.D – c/o Wyeth's counsel

3.      JeanneMarie Durocher – c/o Wyeth's counsel

4.      Justin Victoria – c/o Wyeth's counsel

5.      Irving Kuperman, M.D.
        5300 Mabelvale Pike
        Little Rock, AR 72209
        (501) 568-2100

6.      James E. Hagans, M.D.
        c/o Overton Anderson, Esq.
        Anderson, Murphy & Hopkins
        400 West Capitol Avenue
        Suite 2470
        Little Rock, AR 72203
        (501) 372-1887

7.      Kent D. McKelvey, M.D.
        521 Jack Stephens Dr., Suite 530
        Little Rock, AR 72205
        (501) 686-6564

8.      Sandra Burgess
        12720 Bertha Rd.
        Little Rock, AR 72210
        (501) 225-7688

9.      Edith Christine Horn
        4009 Ridge Rd.
        North Little Rock, AR 72116
        (501) 753-0717

10.     Lewis A. Chodosh, M.D. – c/o Wyeth's counsel

11.     Michael Edwards, M.D. – c/o Wyeth's counsel

12.     Patrick Gaughan, Ph.D. – c/o Wyeth's counsel (*if necessary after liability phase)

13.     Steven E. Harms, M.D. – c/o Wyeth's counsel

14.     Lisa D. Rarick, M.D. – c/o Wyeth's counsel

15.     Thomas G. Stovall, M.D. – c/o Wyeth's counsel

16.     Noah Kauff, M.D. – c/o Wyeth's counsel

17.     Michael Kaufman, M.D. –c/o Wyeth's counsel

Wyeth does not anticipate presenting any deposition testimony, but would do so

from the following witnesses in the event of unexpected testimony in Plaintiff's case:

18.     Garnet Anderson, M.D.

19.     Leonard Brenner – c/o Wyeth's counsel

20.     Pamela Cobb, M.D. – c/o Wyeth's counsel

21.     Anthony DelConte –c/o Wyeth's counsel

22.     Michael S. Dey, Ph.D. – c/o Wyeth's counsel

23.     Robert A. Essner – c/o Wyeth's counsel

24.     A. Leander Fontaine –c/o Wyeth's counsel

25.     Ralph Hale
        c/o Dan Edelman, Esquire
        Katz Marshall & Banks, LLP
        1718 Connecticut Avenue, NW
        Sixth Floor
        Washington, DC 20009
        (202) 229-1140 (ext. 127)
        *edelman@kmblegal.com*

26.     Lesa M. Henry – c/o Wyeth's counsel

27.     Victoria Kusiak, M.D. – c/o Wyeth's counsel

28.     Harold Marder, M.D. – c/o Wyeth's counsel

29.     Karen D. Mittleman, Ph.D. – c/o Wyeth's counsel

30.     Robert Ruffolo, Ph.D. – c/o Wyeth's counsel

31.     John A. Ryan, Jr. – c/o Wyeth's counsel

32.     Leon Speroff, M.D. – c/o Wyeth's counsel

33.     Wendy Stephenson, M.D. – c/o Wyeth's counsel

34.     Margaret Weber, M.D. – c/o Wyeth's counsel

35.     Esat M. Yavuz – c/o Wyeth's counsel

Deposition designations for these witnesses have already been provided to

Plaintiff.

Wyeth reserves the right to call any and all witnesses appearing on the Plaintiff's

Witness List.

Wyeth reserves the right to supplement this list with any and all health care

providers who have rendered medical or psychological care on behalf of Ms. Scroggin at any

time.

Wyeth also reserves the right to call additional witnesses for the purposes of

impeachment or rebuttal and to use deposition testimony in accordance with the Federal and

Local Rules if witnesses are unavailable.

Wyeth further reserves the right to call any and all custodians of records or other

witnesses necessary to authenticate, or otherwise lay the foundation for admission of any

evidence identified for trial purposes.

**(13)     The current status of discovery, a precise statement of the remaining
discovery and an estimate of the time required to complete discovery.**

With the completion of the depositions of Dr. Kent McKelvey on October 18,

2007 and Dr. Noah Kauff on October 23, 2007, all case-specific discovery is now complete.

Discovery is on-going in the general MDL proceeding and Wyeth may supplement its exhibit and witness lists based on that discovery prior to trial.

> **(14)    An estimate of the length of trial and suggestions for expediting disposition of the action.**
>
> December 4-21, 2007.

Respectfully submitted,

/s/      F. Lane Heard III
John W. Vardaman, Jr.
Stephen L. Urbanczyk
F. Lane Heard III

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000

Lyn P. Pruitt, Bar No. 84121

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800
*lpruitt@mwsgw.com*

*Attorneys for Wyeth*

DATED:  November 5, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of November 2007 a true and correct copy of

the foregoing Defendant Wyeth's Pretrial Disclosure Sheet was electronically filed with the

Clerk of Court using the CM/ECF system, and a true and correct copy was forwarded by first-

class mail, postage prepaid, to the parties listed below.

Zoe B. Littlepage
Natasha Hanberry
Littlepage Booth - Houston
1012 West Alabama Street
Houston, TX 77006
Email: zoe@littlepagebooth.com
          natasha@littlepagelaw.com

Elizabeth Robben Murray
Tonia Peoples Jones
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493
Email:  murray@fec.net
          tjones@fec.net

Erik B. Walker
Hissey, Kientz & Herron, P.L.L.C.
16800 Imperial Valley Drive
Suite 130
Houston, TX  77060
Email: erik@hkhlaw.com

Charles P. Goodell, Jr.
Goodell, DeVries, Leech & Dann, LLP
One South Street
Suite 2000
Baltimore, MD 21202
Email: hrtedar@kayescholer.com

Jay Phillip Mayesh
Steven J. Glickstein
Alan E. Rothman
Pamela J. Yates
Kaye Scholer, LLP
425 Park Avenue
New York, NY 10022-3598
Email: maoedar@kayescholer.com
          arothman@kayescholer.com

James A. Morris, Jr.
Steve M. Faries
Brent Coon & Associates, P.C.
11614 Bee Caves Road, Suite 220
Austin, TX 78738
Email: jim.morris@bcoonlaw.com
          steve.faries@bcoonlaw.com

/s/     F. Lane Heard III
F. Lane Heard III

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000
*lheard@wc.com*