**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507 WRW |
| | : | |
| PREMPRO PRODUCTS LIABILITY | : | *Scroggin v. Wyeth et al.* |
| | : | Case Number – 4:04CV01169WRW |
| LITIGATION | : | |
| | : | |

**DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S
PRETRIAL DISCLOSURE SHEET**

Pursuant to the Court's Scheduling Order and Local Rule 26.2, Defendant Pharmacia & Upjohn Company LLC (hereinafter "Upjohn") submits the following Pretrial Disclosure Sheet.

**(1)    The identity of the party submitting information.**

Upjohn

**(2)    The names, address, and telephone numbers of all counsel for the party.**

Elizabeth Robben Murray, Ark. Bar No. 79244
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR  72201
Telephone:  (501)370-1534
murray@fec.net

Charles P. Goodell, Jr.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Telephone: (410) 783-4000
cpg@gdldlaw.com

Steven Glickstein
Jay P. Mayesh
Alan E. Rothman
KAYE SCHOLER  LLP
425 Park Avenue
New York, NY  10022

Telephone: (212) 836-8000
sglickstein@kayescholer.com
arothman@kayescholer.com
jmayesh@kayescholer.com

Pamela L. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 788 1278
PYates@kayescholer.com

**(3)   A brief summary of claims and relief sought.**

Ms. Scroggin was diagnosed with breast cancer in 2000. She claims that her use of the prescription medications Ogen, Provera, Premarin and Prempro caused her breast cancer. Ms. Scroggin seeks compensatory and punitive damages. Ms. Scroggin is currently asserting the following claims against Upjohn: (1) negligence, and (2) strict liability based on failure to warn.

**(4)   Prospects for settlement.**

None.

**(5)   The basis for jurisdiction and objections to jurisdiction.**

Defendant has no objection to the jurisdiction of this Court.

**(6)   A list of pending motions.**

Upjohn has filed the following separate motions to exclude evidence that are still pending:

   A.   Motion to Exclude the Testimony of Dr. Suzanne Parisian

   B.   Motion to Exclude the Testimony of David N. Fuller

In addition, Upjohn has joined in following motions to exclude evidence filed by Wyeth that are still pending:

A. Motion to Exclude the Testimony of Dr. Donald Austin

B. Motion to Exclude the Testimony of Dr. Robert Fincher

C. Motion to Exclude the Testimony of Dr. Elizabeth Naftalis

Upjohn has filed the following dispositive motions that are still pending:

A. Motion to Strike Punitive Damage Claims Against Upjohn

Upjohn also filed a Motion for Summary Judgment on Grounds that Pfizer Inc., Pharmacia Corporation, and Greenstone Ltd. did not Manufacture or Sell Provera or Generic MPA Ingested by the Plaintiff. Plaintiff and Defendant Upjohn have entered into a stipulation (filed on August 29, 2007) which moots this motion because Pfizer Inc., Pharmacia Corporation and Greenstone Ltd. have been dismissed; only Upjohn remains a defendant.

In addition, Upjohn has joined in the following dispositive motions filed by Wyeth that are still pending:

A. Motion for Summary Judgment Re: Specific Causation

B. Motion for Summary Judgment Re: Design Defect Claims

Upjohn also joined in Wyeth's Motions for Partial Summary Judgment Re: Fraud and Misrepresentation Claims and Motion for Partial Summary Judgment Claims. The Plaintiff has announced that she is not pursuing those claims.

Upjohn also filed a response to Wyeth's Motion in Limine No. 7 to Bar Argument and Evidence Re: The History and Events Leading to Inclusion of an Endometrial Cancer Warning in the Premarin Label

Upjohn also filed a response to Wyeth's Motion in Limine to Preclude Evidence of Further Genetic Testing.

In addition, Upjohn intends to file a renewed Motion for Partial Summary Judgment on Grounds that Upjohn did not Manufacture or Sell Ogen Ingested by the Plaintiff.

**(7)     A concise summary of the facts.**

Ms. Scroggin was first prescribed hormone therapy by Dr. James Studdard in 1988. In 1989, she returned to the care of her former gynecologist Dr. Irving Kuperman. Dr. Kuperman prescribed Ogen and Provera for Ms. Scroggin. At the time Ms. Scroggin was 48 years old. Dr. Kuperman prescribed hormone therapy for Ms. Scroggin to manage her peri-menopausal symptoms of hot flashes, night sweats, mood swings and irregular bleeding. Dr. Kuperman discussed the risks and benefits for hormone replacement therapy with Ms. Scroggin. Dr. Kuperman continued to prescribe hormone therapy for Ms. Scroggin from 1989 until June 2000. In 1992, he changed her prescription to Premarin and Provera on a daily basis. In April 1996, he discontinued the Premarin and Provera prescription and instead prescribed the single pill Prempro. Ms. Scroggin continued taking Prempro until February 1999. At that time, because of Ms. Scroggin's complaints of hot flashes and irregular bleeding despite her Prempro prescription, Dr. Kuperman prescribed Ms. Scroggin a different dose of Premarin and a separate dose of progestin. Dr. Kuperman was aware of the risks and benefits of hormone therapy including the risk of breast cancer from a variety of sources including his medical training, his experience as a gynecologist and private practice, his colleagues, continuing medical education programs and scientific and professional literature. In addition, Dr. Kuperman was aware of an increased risk of endometrial hyperplasia that could lead to endometrial cancer associated with women taking estrogen therapy who still had a uterus. Because this known risk, Dr. Kuperman also prescribed a progestin as part of the hormone therapy for Ms. Scroggin.

Ms. Scroggin was also aware of the risk of breast cancer associated with hormone therapy. During her years of use of hormone therapy each month she received a patient insert or flyer with her Ogen, Premarin or Prempro prescription. Although aware of the risk of breast cancer, Ms. Scroggin continued to take hormone therapy based on the advice of her prescribing doctor, Dr. Kuperman.

Upjohn warned Dr. Kuperman of the known risks associated with the use of Provera.

In July 2000, Ms. Scroggin was diagnosed with bilateral breast cancer. She underwent a bilateral mastectomy followed by chemotherapy and for 5 years of treatment with the drug Tamoxifen. Ms. Scroggin has had no recurrence of breast cancer and physicians indicate excellent prognosis and an unlikely return of breast cancer for Ms. Scroggin. Ms. Scroggin has a significant family history of breast cancer.

**(8)   All proposed stipulations.**

Upjohn anticipates that it and the other parties will be able to agree to the authenticity of some exhibits, but at present, no such stipulations have been reached.

**(9)   The issues of fact expected to be contested.**

1. Whether Ms. Scroggin ingested Provera before May 1993.

2. Whether or not Upjohn adequately warned Dr. Kuperman of the known risks associated with the use of Provera.

3. Whether a different warning by Upjohn to Dr. Kuperman would have caused Dr. Kuperman not to prescribe Provera for Ms. Scroggin,

4. Whether there is a scientific basis to conclude that Provera caused Ms. Scroggin's breast cancer.

5. Whether Ms. Scroggin knew or should have known of a possible association between hormone replacement therapy and her breast cancer at or about the time of her breast cancer and prior to April 2001.

**(10)  The issues of law expected to be contested.**

The primary issues of law are included in the dispositive motions and motions in limine previously filed in this matter and outlined above.

**(11)  A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Attached is a list of exhibits that Upjohn expects to use at the trial of this matter. Upjohn reserves the right to supplement the list and the right to use any exhibits identified by Ms. Scroggin or Wyeth. Upjohn also reserves the right to supplement its list based on exhibits listed by Ms. Scroggin.

The parties are discussing a disclosure schedule similar used in the *Reeves* and *Rush* case.

**(12)  The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not, taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Upjohn expects to call the following witnesses at the trial of this matter:

1. Peter Philander M.D.
2. Michael J. Schoenfeld M.A.
3. Heidi M. Jolson M.D., MPH
4. Kurt T. Barnhart M.D. , MSCE
5. James Hagan M.D.
6. Maryann Herrington M.D.

       7.     Michael Edwards M.D.
       8.     Steven E. Harms M.D., FACR
       9.     Thomas G. Stovall M.D.
      10.    Lewis Chodosh, M.D.
      11.    Michael Lagios
      12.    Kent McKelvey, M.D.
      13.    Noah Kauff, M.D.

Upjohn may also present deposition testimony by the following witnesses:

       1.     Garnett Anderson
       2.     Rodney F. Carlson
       3.     Donald M. Demke
       4.     David Engels
       5.     Donald Gieseker
       6.     Ralph Hale
       7.     Leon Speroff

Upjohn reserves the right to call any and all witnesses appearing on the Plaintiff's witness list.

Upjohn reserves the right to call any and all witnesses appearing on Defendant Wyeth's witness list.

Upjohn also reserves the right to supplement this list with any or all health care providers who have rendered medical or psychological care on behalf of Ms. Scroggin at any time.

Upjohn also reserves the right to call additional witnesses for purposes of impeachment or rebuttal and to use deposition testimony in accordance with the Federal and Local Rules if witnesses are unavailable.

Upjohn also reserves the right to call any and all custodians of records or other witnesses necessary to authenticate, or otherwise lay the foundation for admission of any evidence identified for trial purposes.

**(13)    The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is closed.  However, Upjohn reserves the right supplement its exhibit and witness lists as per the parties' agreement.  In addition, Upjohn reserves the right to supplement those lists based on any additional medical records or medical information pertaining to the Plaintiff obtained before trial and also on its accumulation of medical literature prior to trial.

**(14)    An estimate of the length of trial and suggestions for expediting disposition of the action.**

Upjohn believes that the Defendants' motions for summary judgment and motions to exclude or limit evidence offer the best basis for disposing of this matter or expediting the trial.

        Respectfully submitted,

        Steven Glickstein
        Jay P. Mayesh
        Alan E. Rothman
        Bar No. MDL1507
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, NY  10022
        Telephone:  (212) 836-8000
        Fax:  (212) 836-8689
            sglickstein@kayescholer.com
            jmayesh@kayescholer.com
            arothman@kayescholer.com

        Pamela L. Yates
        KAYE SCHOLER LLP
        1999 Avenue of the Stars, Suite 1700
        Los Angeles, CA 90067
        Telephone: (310) 788 1278
        pyates@kayescholer.com

        Charles P. Goodell, Jr.
        Goodell, DeVries, Leech & Dann, LLP
        One South Street, 20th Floor
        Baltimore, MD 21202

Telephone: (410) 783-4000
cpg@gdldlaw.com

Elizabeth Robben Murray
Ark. Bar No. 79244
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR  72201
Telephone:  (501)370-1534
Fax:  (501) 376-2147
Email:  murray@fec.net

*/s/ Elizabeth Robben Murray*

Attorneys for
Pharmacia & Upjohn Company LLC

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**CERTIFICATE OF SERVICE**

I, Elizabeth Robben Murray, hereby certify that on this 5th day of November, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Steve M. Faries**
  steve.faries@bcoonlaw.com
- **Natasha D. Hanberry**
  natasha@littlepagelaw.com,genevieve@littlepagelaw.com
- **F. Lane Heard , III**
  lheard@wc.com,lmullins@wc.com
- **Zoe B. Littlepage**
  zoe@littlepagebooth.com,april@littlepagebooth.com,natasha@littlepagelaw.com
- **James A. Morris , Jr**
  jim.morris@bcoonlaw.com,michelle.putonti@bcoonlaw.com,lauren.hendrickson@bcoonlaw.com,brian.ketterer@bcoonlaw.com,terry.nash@bcoonlaw.com,bethany.becker@bcoonlaw.com
- **Lyn Peeples Pruitt**
  lpruitt@mwsgw.com,bhopper@mwsgw.com
- **Stephen L. Urbanczyk**
  surbanczyk@wc.com,inocho@wc.com
- **Erik Brett Walker**
  erik@hkhlaw.com,erickson@hkhlaw.com
- **Chen-Sen Wu**
  swu@wc.com,skornbluth@wc.com

*/s/ Elizabeth Robben Murray*

Attorneys for
Pharmacia & Upjohn Company LLC