**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV01169** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

<u>**ORDER**</u>

Defendant's Motion to Compel re First Set of Case-Specific Interrogatories (Doc. No. 62) is DENIED.

Defendant's Motion for Protective Order Re Plaintiffs' Discovery Requests Re 2927 (Doc. No. 128) is DENIED without prejudice.  However, Plaintiff's discovery requests appear to be a bit broad.

Defendant's Motion to Compel Response to Requests for Admissions (Doc. No. 249) is DENIED without prejudice.  By the time mentioned in the November 15, 2007 hearing (I think I mentioned one), Plaintiff's counsel must either admit or deny each of Defendant's requests, without explanation.

If a request is denied, the denial cannot be referred to during the trial.

If the denial is one which plainly ought in fairness be admitted, Defendant can file a motion for sanctions after the trial.

My general feeling about requests for admission is that they should be directed to specific facts, not law or opinions, or a mixture thereof.

IT IS SO ORDERED this 16th day of November, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE