**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV01169** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

**ORDER**

**1. Defendant's Objections[1] to the Order of Magistrate Judge** (Doc. No. 388) is

OVERRULED.  Having given United States Magistrate Judge Jones's Order personal scrutiny, I

find it entirely appropriate.  (I note parenthetically that the tone of the Objections seem to be at

least a mite troublesome).

---

[1]I have viewed Defendant's objections as an appeal of Judge Jones's Order.  Local Rule
72.1(VII)(B) reads:

> In all matters delegated under authority of 28 U.S.C. § 636(b)(1)(A), a Magistrate
> Judge's decision is final and binding and is subject only to a right of appeal to the
> District Judge to whom the case has been assigned. A party may appeal the
> Magistrate Judge's ruling by filing a motion within ten (10) days of the Magistrate
> Judge's decision unless a shorter period is set by the District Judge or Magistrate
> Judge. Copies shall be served on all other parties and the Magistrate Judge from
> whom the appeal is taken. The motion shall specifically state the rulings excepted to
> and the basis for the exceptions. The Court may reconsider any matter *sua sponte*.
> The District Judge shall affirm the Magistrate Judge's findings unless he finds them
> to be clearly erroneous or contrary to law.

**2.  Defendant's Motion for Summary Judgment Re: Failure-to-Warn Claims** (Doc.

No. 358) is DENIED, based on Judge Jones's November 21, 2007 Order[2] permitting Dr. Parisian

to testify -- which I adopt, here and now.

However, only Dr. Parisian will be permitted to testify on this, and only to the extent

permitted by Judge Jones's Order.  I note that my November 1, 2007 Order[3] directed Plaintiff to

provide supplemental authority to support her opposition to Defendants' Motions to Exclude

Testimony Re: What the "Reasonable" or "Ethical" Pharmaceutical Company Would Do.  The

only supplemental authority presented was on behalf of Dr. Parisian, in response to Judge

Jones's directions.  Accordingly, Dr. Parisian is the only expert who will be allowed to address

this subject.

**3.  Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for

Summary Judgment Re: Failure-to-Warn Claims** (Doc. No. 385) is DENIED as MOOT.

**4.  Upjohn's Renewed Motion for Summary Judgment Regarding Plaintiff's Use of

Ogen** (Doc. No. 368) is GRANTED.  Plaintiff has failed to establish that the Supply Agreement

subjected Upjohn to liability for injuries allegedly caused by ingestion of Ogen.

IT IS SO ORDERED this 21st day of November, 2007.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[2]Doc. No. 389.

[3]Doc. No. 326.