IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | :  MDL Docket No. 4:03CV1507-WRW | |
| | :                        4:04CV01169 | |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **DONNA SCROGGIN** | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et. al.** | : | DEFENDANTS |

## ORDER

**Upjohn's Objections to the Order of Magistrate Judge** (Doc. No. 395) is OVERRULED.

Upjohn mentions the time for filing an appeal, but I had / have no issue with the timing of the "objections." Since Judge Jones's order was a final binding decision, the parties should have filed, under Local Rule 72.1,[1] an appeal of his order, <u>not</u> objections.

Next, I note that Upjohn asserts that "the standard applied by Magistrate Judge Jones" regarding "'substantial contributing fact' is the standard applied to workers' compensation

---

[1] Local Rule 72.1(VII)(B) reads:
In all matters delegated under authority of 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge's decision is final and binding and is subject only to a right of appeal to the District Judge to whom the case has been assigned. A party may appeal the Magistrate Judge's ruling by filing a motion within ten (10) days of the Magistrate Judge's decision unless a shorter period is set by the District Judge or Magistrate Judge. Copies shall be served on all other parties and the Magistrate Judge from whom the appeal is taken. The motion shall specifically state the rulings excepted to and the basis for the exceptions. The Court may reconsider any matter *sua sponte*. The District Judge shall affirm the Magistrate Judge's findings unless he finds them to be clearly erroneous or contrary to law.

claims."[2]  Judge Jones made no such finding.  He merely reiterated Plaintiff's position that Dr. Naftalis "will testify that Plaintiff's ingestion of HRT was a substantial contributing factor in Plaintiff's development of hormone dependant breast cancer."[3]  Additionally, he held that Dr. Naftalis was qualified to state that "HRT more likely than not promoted Plaintiff's breast cancer."[4]  Whether this testimony chins the pole established by the jury instructions on this topic will be for the jury to decide.  The jury instruction used in the previous trials reads:

> The law frequently uses the expression "proximate cause," with which you may not be familiar.  When I use the expression "proximate cause," I mean a cause which, in a natural and continuous sequence, initiates, produces, or promotes damage and without which the damage would not have occurred.
>
> This does not mean that the law recognizes only one proximate cause of damage.  To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.

Judge Jones made no findings that would be contrary to this jury instruction.

Once again, I'll deem these "Objections" as an appeal of Judge Jones's Order, and they are OVERRULED / DENIED.

IT IS SO ORDERED this 26th day of November, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 395.

[3] Doc. No. 362.

[4] Doc. No. 362.