# HISSEY, KIENTZ & HERRON, P.L.L.C.
### ATTORNEYS AT LAW

16800 IMPERIAL VALLEY DRIVE, SUITE 130
HOUSTON, TEXAS  77060

MICHAEL E. HISSEY  
ROBERT E. KIENTZ  
TIMOTHY P. HERRON

TEL: 713 224-7670  
FAX: 713 224-7671

December 13, 2007

**Via E-File**
The Honorable William R. Wilson, Jr.
United States District Judge
United States District Court for the Eastern District of Arkansas
600 West Capitol Avenue, Room 223
Little Rock, Arkansas 72201

    **Re**:    Judge Jones' *Daubert* ruling and Plaintiff's Trial Exhibit 1355
             Case No. 04-1169; *Scroggin v. Wyeth*

Dear Judge Wilson:

      Despite my genuine respect for him, these words are still painful: Mr. Heard was right.  Judge Jones' orders, read together, authorize Dr. Austin to testify at the cellular level regarding hormone therapy's causative effect on breast cancer, but they do not allow him to compare the cellular effects on the breast to the cellular effects on the endometrium.[1]  I have learned that Plaintiff did not brief the latter issue because other experts will testify regarding the biologic similarity of the effects on the breast and endometrium.

      But this is all academic.  This matter has no bearing on the admissibility of Plaintiff's Exhibit 1355 (attached).  In fact, this exhibit was admitted in the *Reeves* and *Rush* trials despite the fact that Dr. Austin gave NO testimony on scientific causation in either case (and had not planned to do so in either).  The evidence is relevant to "signals" -- the notice Wyeth had of the need to study the potential effects on the breast of the combination product (E+P).  In a nutshell, Dr. Austin's testimony falls within two distinct categories: (a) Dr. Austin will testify that the endometrial cancer epidemic should have put Wyeth on notice of the need to monitor changes in the rates of hormone-sensitive types of breast cancer when sales of E+P surged, and (b) ecological and epidemiological data confirm that E+P causes breast cancer.  Judge Jones has approved Dr. Austin's testimony in both areas.

---

[1]    Compare Order, Nov. 15, 2007 (Docket No. 362) at 8, to Order, Nov. 9, 2007 (Docket No. 340) at 5-6.

Regarding the first, Wyeth has repeatedly claimed that Dr. Austin's testimony is unreasonable hindsight -- Monday morning quarterbacking, if you will. Plaintiff's Exhibit 1355 proves that is not the case. Dr. Austin planned to study (and ultimately did study) the effect of the surge in estrogen sales on endometrial cancer rates. In the letter, Dr. Austin requested prescription data from Wyeth to assist his study. Wyeth never responded to the letter.

Wyeth claims the letter is inadmissible because it was addressed to a sales representative. According to Wyeth, we have no idea what the sales agent did with the letter, thus the correspondence is not probative of Wyeth's conduct. Ignoring for a moment basic principles of action by agent, Wyeth's argument fails by Dr. Austin's own testimony. Dr. Austin has testified, and will again testify, that he became *persona non gratis* at Wyeth after sending this letter. His opinions and inquiries suddenly became unwelcome. This is strong circumstantial evidence that the letter made it up the chain of command and induced higher Wyeth officials to shun Dr. Austin rather than participate in the study.

Wyeth's objections are based on the most fundamental of evidentiary misconceptions -- a document must survive on its own, context be damned. Rarely will a piece of evidence, by itself, be probative of any relevant issue. It is the combination of the document and testimony regarding the document's meaning (or, in this case, result), that makes the document relevant.

The undersigned apologizes for misinterpreting Judge Jones's order on "cellular effects" at the hearing. The mistake was honest, given the two separate rulings on biologic testimony. But the error has no bearing on the admissibility of Plaintiff's Exhibit 1355, which deals with Wyeth's negligence in failing to monitor cancer databases rather than whether hormones cause cancer of the breast and endometrium in the same way.

Plaintiff thus asks the Court to maintain its ruling of admissibility of Plaintiff's Exhibit 1355 from the *Reeves* and *Rush* cases.

Very truly yours,

/s/

Erik B. Walker