**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV01169 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

## ORDER

I have reviewed the parties' submissions regarding the time limits for trial.[1]  Plaintiff will be allotted 50% of the total time; and Defendants will be allotted 25% each.

The problem, as I see it, is that the parties are straining against the time limits, when they should be spending more time paring their case down for rifle-shot presentations.

I was a little uncomfortable with trying to set time limits for the first two trials.  It is always difficult for a judge to know what is really important when she or he is hearing the evidence for the first time.  Now, however, I have conducted two trials involving substantially similar issues.

As I have noted several times, it is my opinion that substantially too much time was spent in most phases of the first two trials.  Whether counsel believe it or not, these time limits should improve your presentations from the jury's standpoint (which is the crucial standpoint).

IT IS SO ORDERED this 17th day of January, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1]Doc. Nos. 375, 377.