**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV01169** |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

**ORDER**

**1.** **Time --** by 7 a.m., tomorrow, Thursday, February 7, 2008 (the Lunar New Year), submit your joint or respective views of time used and time left. "Meet and confer" about this as soon as the jury is dismissed this afternoon.

**2.** **Christina Clarke** -- it appears that Plaintiff concedes Defendants' point, *i.e.*, that my December 14, 2007 Order definitively covers this point. Accordingly, the issue is now MOOT; but all counsel are directed to read General N.B. Forrest's hand written response to one of his lieutenants who had pestered him repeatedly about taking leave. If this were not a family publication, I would quote his response herein.

**3.** **Learned Treatises and Dr. Austin's direct testimony (and future witnesses)** -- this morning I sent you McCormick's discussion of "learned treatises." I expect such treatises to be referred to strictly in accordance with FRE 803(18). In other words, for one thing, a witness cannot simply refer to an article unless the requirements of FRE 803(18) have been met.

**4.** **In opening statement yesterday, February 6, 2008, Wyeth** said that "Premarin and Prempro have benefitted millions of women like Ms. Scroggin, and, yes, they have some risks." While this statement probably should not have been made, I hold that it did not open the

door; thus, Plaintiff's Motion for Relief To Introduce Evidence of Excess Breast Cancers (Doc. No. 468) is DENIED.

**5. Re: Defendant's Motion to Exclude Testimony by Dr. Parisian that Wyeth Failed to Test (Doc. No. 463)** -- as far as I can determine, Plaintiff has not responded -- may I assume Plaintiff concedes this motion? In any event, no reference to this alleged failure to test may be made unless and until I rule on Defendants' motion.

**6. Re: Defendant's Objection to Dr. Austin's Testimony re Risk of Lobular Breast Cancer/ Li Article** -- I have read and considered the submissions of the parties made last evening (or early this morning) and while the question is close, I overrule Wyeth's objection and save its exception. Upjohn's objection is also noted, and its exception is saved.

IT IS SO ORDERED this 6th day of February, 2008.

/s/ Wm. R. Wilson, Jr.__________
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV01169** |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

**ORDER**

**1.** **Time --** by 7 a.m., tomorrow, Thursday, February 7, 2008 (the Lunar New Year), submit your joint or respective views of time used and time left. "Meet and confer" about this as soon as the jury is dismissed this afternoon.

**2.** **Christina Clarke** -- it appears that Plaintiff concedes Defendants' point, *i.e*., that my December 14, 2007 Order definitively covers this point. Accordingly, the issue is now MOOT; but all counsel are directed to read General N.B. Forrest's hand written response to one of his lieutenants who had pestered him repeatedly about taking leave. If this were not a family publication, I would quote his response herein.

**3.** **Learned Treatises and Dr. Austin's direct testimony (and future witnesses)** -- this morning I sent you McCormick's discussion of "learned treatises." I expect such treatises to be referred to strictly in accordance with FRE 803(18). In other words, for one thing, a witness cannot simply refer to an article unless the requirements of FRE 803(18) have been met.

**4.** **In opening statement yesterday, February 6, 2008, Wyeth** said that "Premarin and Prempro have benefitted millions of women like Ms. Scroggin, and, yes, they have some risks." While this statement probably should not have been made, I hold that it did not open the

door; thus, Plaintiff's Motion for Relief To Introduce Evidence of Excess Breast Cancers (Doc. No. 468) is DENIED.

**5. Re: Defendant's Motion to Exclude Testimony by Dr. Parisian that Wyeth Failed to Test (Doc. No. 463)** -- as far as I can determine, Plaintiff has not responded -- may I assume Plaintiff concedes this motion? In any event, no reference to this alleged failure to test may be made unless and until I rule on Defendants' motion.

**6. Re: Defendant's Objection to Dr. Austin's Testimony re Risk of Lobular Breast Cancer/ Li Article** -- I have read and considered the submissions of the parties made last evening (or early this morning) and while the question is close, I overrule Wyeth's objection and save its exception. Upjohn's objection is also noted, and its exception is saved.

IT IS SO ORDERED this 6th day of February, 2008.

/s/ Wm. R. Wilson, Jr.__________
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV01169** |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

**ORDER**

**1.** **Time --** by 7 a.m., tomorrow, Thursday, February 7, 2008 (the Lunar New Year), submit your joint or respective views of time used and time left. "Meet and confer" about this as soon as the jury is dismissed this afternoon.

**2.** **Christina Clarke** -- it appears that Plaintiff concedes Defendants' point, *i.e.*, that my December 14, 2007 Order definitively covers this point. Accordingly, the issue is now MOOT; but all counsel are directed to read General N.B. Forrest's hand written response to one of his lieutenants who had pestered him repeatedly about taking leave. If this were not a family publication, I would quote his response herein.

**3.** **Learned Treatises and Dr. Austin's direct testimony (and future witnesses)** -- this morning I sent you McCormick's discussion of "learned treatises." I expect such treatises to be referred to strictly in accordance with FRE 803(18). In other words, for one thing, a witness cannot simply refer to an article unless the requirements of FRE 803(18) have been met.

**4.** **In opening statement yesterday, February 6, 2008, Wyeth** said that "Premarin and Prempro have benefitted millions of women like Ms. Scroggin, and, yes, they have some risks." While this statement probably should not have been made, I hold that it did not open the

door; thus, Plaintiff's Motion for Relief To Introduce Evidence of Excess Breast Cancers (Doc. No. 468) is DENIED.

**5. Re: Defendant's Motion to Exclude Testimony by Dr. Parisian that Wyeth Failed to Test (Doc. No. 463)** -- as far as I can determine, Plaintiff has not responded -- may I assume Plaintiff concedes this motion? In any event, no reference to this alleged failure to test may be made unless and until I rule on Defendants' motion.

**6. Re: Defendant's Objection to Dr. Austin's Testimony re Risk of Lobular Breast Cancer/ Li Article** -- I have read and considered the submissions of the parties made last evening (or early this morning) and while the question is close, I overrule Wyeth's objection and save its exception. Upjohn's objection is also noted, and its exception is saved.

IT IS SO ORDERED this 6th day of February, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE