**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV01169 |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| **DONNA SCROGGIN** | : | PLAINTIFF |
| v. | : | |
| **WYETH** | : | DEFENDANT |

**ORDER**

Pending are Defendants' Motions to Strike Punitive Damages Claims (Doc. Nos. 87, 97). Plaintiff has responded[1] to both motions and Defendants have replied.[2] Although titled Motions to Strike, the motions are for summary judgment.

**I.  SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

---

[1] Doc. Nos. 166, 169.

[2] Doc. Nos. 196, 208.

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] This court must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## II.  DISCUSSION

Regarding punitive damages in Arkansas, the Eighth Circuit has held:

> A claim for punitive damages must be submitted to the jury if there is any substantial evidence to support a punitive damages instruction. Under Arkansas law, punitive damages are appropriate when the conduct is "malicious, wanton,

---

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

> in violation of a relationship of trust or confidence, or . . . done with a deliberate intent to injure another."[10]

This standard is beyond gross negligence. For punitive damages to be considered, "it must appear that the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the consequences, from which malice may be inferred."[11]

## CONCLUSION

At this point there are material facts in dispute on regarding Defendants' conduct. Accordingly, Defendants' Motions to Strike Punitive Damages Claims (Doc. Nos. 87, 97) are DENIED. However, the evidence presented during the punitive stage must be relevant to Plaintiff's claims -- that is, failure to warn and failure to test.

Additionally, the parties are directed to submit a limiting instruction which addresses *Philip Morris USA v. Williams*[12] and harm to others going only to reprehensibility.

IT IS SO ORDERED this 28th day of February, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[10] *Carpenter v. Automobile Club Interinsurance Exchange*, 58 F.3d 1296, 1304 (8th Cir. 1995) (internal citations omitted).

[11] *Morris v. Union Pacific R.R.*, 373 F.3d 896, 903 (8th Cir. 2004) (quoting *D'Arbonne Constr. Co. v. Foster*, 123 S.W.3d 894, 898 (Ark. 2003)).

[12] 127 S. Ct. 1057 (2007).