**CLOSING INSTRUCTION No. 1**           *Court Copy*

Members of the jury, the instruction I gave at the beginning of this phase of the trial remains in effect. In addition to this closing instruction, which you will have while you deliberate, you will also have instructions from the first phase of the trial that are relevant during this stage.

During the first stage of this trial, you found Defendants' liable for failing to warn Ms. Scroggin of the risk of breast cancer, and you awarded Ms. Scroggin compensatory damages. Ms. Scroggin also seeks punitive damages.

I remind you that when considering whether Wyeth or Upjohn is required to pay punitive damages to Ms. Scroggin, you should consider the evidence presented in the first phase of this trial as well as the second phase.

You may, but are not required to, award Ms. Scroggin an additional amount of damages, known as punitive damages. You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

Punitive damages may be imposed to punish a wrongdoer and to deter the wrongdoer and others from similar conduct. In order to recover punitive damages from either defendant, Ms. Scroggin has the burden of proving by clear and convincing evidence that Wyeth and/or Upjohn knew or ought to have known, in the light of the surrounding circumstances, that its conduct in failing to warn would naturally and probably result in injury and that Wyeth and/or Upjohn continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

"Clear and convincing evidence" is proof that enables you without hesitation to reach a firm conviction that the allegation is true.

If you decide that punitive damages are appropriate, the amount of any punitive damages awarded should bear a reasonable relationship to the harm caused to Ms. Scroggin. In this case, the only conduct that is alleged to have proximately caused harm to Ms. Scroggin is the failure to provide an adequate warning during the time period when she took Premarin, Prempro, and Provera. However, you may not award punitive damages to punish either Defendant directly on account of harms that it is alleged to have caused non-parties.

When considering whether punitive damages are appropriate you should remember that Wyeth and Upjohn are separate companies, and therefore, you must apply the law and the facts of the case to each defendant separately.

Whether or not to award punitive damages, and if so, in what amount, is for you -- and you alone -- to decide in accordance with these instructions and based on the evidence in this case. Nothing I say in these instruction or during the trial is meant to express any view, one way or the other, on the part of the Court.

## CLOSING INSTRUCTION No. 2

You may have heard evidence that I have instructed you to considering only for a limited purpose. If a party introduced such evidence, you may consider that evidence only for the limited purpose for which the evidence was admitted.

Specific written limiting instructions are attached to exhibits when necessary.

*page 3A*

## CLOSING INSTRUCTION NO. 2A

I remind you that when considering whether Wyeth or Upjohn is required to pay punitive damages to Ms Scroggin, you should consider the evidence presented in the first phase of this trial as well as the second phase.

*page 3A*

# CLOSING INSTRUCTION No. 3

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will discuss those rules now.

First, you previously selected one of your members as your presiding juror. That person will continue to preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, please remember, no cellular telephones are permitted in the jury room during deliberations – even one that is turned off.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions during this stage of the trial, and you should consider the instructions from the first phase -- which are in your hands to go with you to the jury room. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Sixth, the verdict form is simply the written notice of the decision that you reach in this case. Please take a moment now to read the attached verdict form. You will take this form to the jury room, and when each of you has agreed on the verdicts, your presiding juror will fill in the form, sign, and date it. Upon completing all the questions on the form, the presiding juror should advise the bailiff that you are ready to return to the courtroom.