**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | :   MDL Docket No. 4:03CV1507-WRW | |
| | :                        4:04CV01169 | |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **DONNA SCROGGIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et. al.** | : | **DEFENDANTS** |

## SUPPLEMENT TO APRIL 10, 2008 ORDER

As Defendants note, I did state that I was "as confident as a Christian with four aces" with respect to my FDA preemption ruling.

In view of the United States Supreme Court's decision in *Riegel v. Medtronic, Inc.*[1] and other recent appellate decisions, my confidence, while still in place, is at a lower level.

It appears to me that an expansive reading of preemption is a part of the overall "assault upon the citadel of the right to trial by jury" (to paraphrase Cardozo). The finer points of the vice of too much preemption are well presented in Justice Ginsberg's dissent in *Riegel*, and by Judge Thomas Ambro in his dissent in *Colacicco v. Apotex.*[2]

The thought underlying expansive preemption ("backdoor federalization"[3]) is that bureaucratic experts are better at determining what is reasonable, what is too dangerous, etc., than are juries.

---

[1] 128 S. Ct. 999 (2008).

[2] 2008 WL 927848, at *18-26 (3d Cir. April 8, 2008).

[3] *Id*. at 25.

2

Over the past several years I believe all three branches of government have become more and more distrustful of juries.  They seem to forget that a jury is a cross section of the citizens who elected them to office (or elected those who appointed them).  In political campaigns these citizens are paragons of virtue; but when they are called for jury service, they somehow become incapable of making important decisions.  The language in the decisions favoring preemption is high flown; but, at bottom, it reflects distrust of the randomly selected citizens who sit on juries.  Perhaps our public officials, including judges, have read too much Plato and too little Alexis de Tocqueville.

Trial by jury is the essence of government reposed in the people.  We should trust this institution in fact, not just in word.

IT IS SO ORDERED this 16th day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE