**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV01169 |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| DONNA SCROGGIN | : | PLAINTIFF |
| v. | : | |
| WYETH, et. al. | : | DEFENDANTS |

**ORDER**

Plaintiff's Motion to Supplement the Trial Record (Doc. No. 677), and Defendant's Cross-Motion to Supplement the Trial Record (Doc. No. 686) are GRANTED, assuming the following requirements are met:

**1. MDL 1507 Record --** The parties' stipulation that <u>all</u> docket entries in the *In re Prempro*, 4:03-CV-001507, case should be a part of the record in this case is overly broad.[1] The docket sheet for *In re Prempro* contains over 1800 entries. The parties should "meet and confer" and determine which specific entries in *In re Prempro* are relevant to this case and appeal. By 5 p.m., Thursday, August 7, 2008, the parties must provide the Court with a joint submission that lists each of the documents (and corresponding docket number) they believe should be part of this record. If the parties can't reach an agreement, each party should submit its own list.

**2. "All correspondence"** -- Plaintiff's suggestion that "all correspondence" between the Court and counsel should be part of the record seems to be a bit excessive. Plaintiff contends that "the Court issued a number of rulings on the parties' objection to evidence in letter to the

---

[1]Doc. Nos. 687, 689.

parties."[2]  I believe that all letters and orders were filed with the Clerk.  Some emails were not submitted to the Clerk, but I will be happy to make those a part of the record if the parties will designate and provide the specific emails they wish to add.

The parties should "meet and confer" to determine which specific correspondence should be made a part of the record, and should make a joint submission that I can enter as part of the record.  If the parties can't reach an agreement, each party should submit its own designation.  The submission(s) (with relevant documents) must be delivered to the Court by 5 p.m., Thursday, August 7, 2008.

**3. Jury Instructions** -- It is my experience that, unless proffered by the parties in court, proposed jury instructions are not a part of the record.  Accordingly, only the instructions that were proffered will be part of this record on appeal.[3]

**4. Bifurcation** -- It is my belief that Plaintiffs' counsel did not make a contemporaneous objection at the time I announced that this case would be bifurcated.  In fact, I do not recall exactly when I made this announcement in this case.  This is what I said in an April 27, 2006 letter in *In re Prempro*, 4:03-CV-01507:

> It has been my practice over the years to bifurcate the punitive damages issue. If a jury does not return a verdict for a plaintiff with respect to general damages, then the question of punitive damages is out the window.
>
> I am surprised that I had not addressed this question with you earlier, but, be that as it may, I am addressing it now.
>
> In the punitive damage portion of the trial, additional evidence, which might not be admissible during the general damages stage, may be admissible .
>
> Please let me have your reaction to bifurcation by 5 p.m., Thursday, May 4, 2006.

---

[2]Doc. No. 678.

[3]Doc. Nos. 553, 561, 618, 619, 620.

> If I do bifurcate, we will need to address various specifics soon after I have your responses to this letter.[4]

After Plaintiffs filed a Motion to Clarify Bifurcation Order on March 12, 2007 , I addressed the issue again:

> I will continue to consider bifurcation/punitive damages on a case-by-case basis. Absent some unusual developments in a case, general and punitive damage issues will be bifurcated.
>
> Accordingly, Plaintiffs' Motion for Clarification of Bifurcation Order (Doc. No. 1470) is DENIED.[5]

It is my understanding that Plaintiffs generally objected to bifurcation in the *In re Prempro* case,[6] but I do not recall an objection in the case at bar. I would be pleased for Plaintiff to raise this issue on appeal, if an adequate record has been made, or even if an adequate record has not been made -- but I can't add to the record. The late Jim Jeans, in his *Trial Advocacy* treatise, quoted a great, but modest, trial lawyer who was wont to make this observation: "If it ain't in the record, it didn't happen."[7]

**5. Wyeth's Motion for Summary Judgment on Specific Claims in the *Reeves* and *Rush* Cases**-- Plaintiff makes this assertion:

> Before trial, the parties agreed to accept certain rulings of the Court made in the preceding trials, without waiving their right to challenge those rulings on appeal. In the interest of judicial economy, the parties did not re-brief those issues. One of the issues that may be important on appeal concerns failure to test. The briefing and Court order on Wyeth's motion for summary judgment on specific claims establish that failure to study or test, while not being a separate cause of action, is an element

---

[4]*In re Prempro*, 4:03-CV-01507 (E.D. Ark. filed March 7, 2003),  Doc. No. 1131.

[5]*Id*. at Doc. No. 1483.

[6]*Id.* at Doc. No. 1181.  See also the first two bellwether trial cases: *Reeves v. Wyeth*, 4:05-CV-00163 (E.D. Ark. filed Feb. 14, 2005), Doc. No. 128; *Rush v. Wyeth*, 4:05-CV-00497 (E.D. Ark. filed March 18, 2005), Doc. No. 190.

[7]James W. Jeans, Sr., *Trial Advocacy*, 476 (1993).

or component of a failure to warn cause of action. Plaintiff needs to cite these documents to establish this agreed legal proposition.[8]

The motion and supporting memorandum are important because, in them, Wyeth concedes that failure to study or test is a component of a failure to warn claim, notwithstanding that failure to test is not a separate cause of action. The motion on specific claims was not re-filed in this case because the parties agreed to abide by the Court's order in Reeves and Rush on various summary judgment issues.

Wyeth claims the documents are too voluminous. But Plaintiff has made clear that she seeks only the motion and supporting memorandum and not the exhibits. Wyeth further argues that the Court can simply make its order a part of the record. In the order, the Court indicated it agreed with Plaintiff that failure to test is a component of failure to warn. However, Wyeth can challenge that ruling. Wyeth cannot make such a challenge (at least not credibly) if its summary judgment brief is made part of the record because Wyeth conceded that failure to test is an element of failure to warn in that paper.[9]

I don't have a specific recollection regarding the quote immediately above, so the parties will have to look northward for resolution of this issue.

IT IS SO ORDERED this 1st day of August, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8] Doc. No. 678.

[9] Doc. No. 689.

4